IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| GRACE OCEAN PRIVATE LIMITED, ET AL. *Petitioners-Appellees* | ) ) ) | |
| v. | | |
| GERALD BARNEY, ET AL. *Claimants-Appellants* | ) ) | **NO. 26-2355 (L)** (1:24-cv-00941-JKB) |
| CONSOL ENERGY, INC. *Claimant-Appellant* | ) | NO. 26-2374 ) |
| E. MARINE MOTOR YACHT SALES PTY LTD., ET AL. *Claimants-Appellants* | ) ) | NO. 26-2379 |
| PENN MANUFACTURING INDUSTRIES LLC, ET AL. *Claimants-Appellants* | ) ) | NO. 26-2383 |
| LIBERTY MUTUAL INSURANCE EUROPE SE, ET AL. *Claimants-Appellants* | ) ) | NO. 26-2387 |

---

**JOINT MOTION TO CONSOLIDATE AND**
**TO ESTABLISH A BRIEFING SCHEDULE IN CONSOLIDATED CASE**

Petitioners–Appellees Grace Ocean Private Limited and Synergy Marine Pte Ltd ("Petitioners-Appellees") and the Claimants–Appellants in each of the five above-referenced appeals ("Claimants-Appellants") jointly move, under Federal Rule of Appellate Procedure ("FRAP") 27 and Local Rule 12(b), to (1) consolidate the appeals at Case Nos. 26-2374, 26-2379, 26-2383, and 26-2387 into this Case No.

26-2355(L) (collectively, the "Appeals"); and (2) to establish a single briefing schedule in the consolidated case.[1]

In support of their requested relief, the parties state as follows:

## I. BACKGROUND

In the early morning hours of March 26, 2024, the M/V DALI (the "Vessel") allided with the Francis Scott Key Bridge (the "Casualty"). On April 1, 2024, Petitioners-Appellees filed a Petition for Exoneration from or Limitation of Liability pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules") in the United States District Court for the District of Maryland ("District Court"), Case No. 1:24-cv-00941 (the "Limitation Action"). Claimants-Appellants filed claims (the "Claims") in the Limitation Action pursuant to Supplemental Rule F(5).

On June 15, 2026, Petitioners-Appellees filed a motion for judgment on the pleadings as to Claimants-Appellants' Claims ("Petitioners-Appellees' Motion for Judgment"), including based on *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927) and its progeny.

On August 25, 2026, the District Court granted in part Petitioners-Appellees'

[1] Contemporaneous with the filing of this Motion, the parties are filing a Joint Motion for Permission to File Briefs Exceeding Page-Length Limitations (the "Page-Limitation Motion"), and they respectfully request the Court consider the two motions together. **Notably, the parties' joint agreement to consolidate the cases is subject to this Court's granting the Page-Limitation Motion.**

Motion (Limitation Action, ECF No. 907) (hereinafter, the "Order") and dismissed the Claimants-Appellants' Claims in whole or in part. The Appeals followed.

## II. ANALYSIS

### A. The Appeals Should Be Consolidated.

In the Appeals, Claimants-Appellants seek review of the Order issued by the District Court dismissing the Claims. The Claimants-Appellants[2] filed separate notices of appeal from the Order, which the Clerk of Court docketed as follows:

| No. | Docketed | Claimants–Appellants |
|---|---|---|
| 26-2355 | Sept. 28, 2026 | Gerald Barney, Thomas Crawley, Ryan Hale, Tulani Hasan, Donny Jackson, Charles Peacock, Douglas Ramos, and Alonzo Key |
| 26-2374 | Oct. 1, 2026 | Consol Energy Inc. |
| 26-2379 | Oct. 1, 2026 | American Publishing, LLC; American Sugar Refining, Inc.; B&R Construction Services, Inc.; Captain C. Logistics, LLC; E. Marine Motor Yacht Sales PTY Ltd.; Florida Sugar & Molasses Exchange, Inc.; R.E. West Inc.; Star Bulk (Singapore) Pte. Ltd.; and Underwood Energy Inc. |
| 26-2383 | Oct. 2, 2026 | International Trading Solutions, Inc.; Penn Manufacturing Industries LLC; PMI EMG Exports Private LTD; and PMI Global Technologies PVT LTD |
| 26-2387 | Oct. 2, 2026 | AXA XL Underwriting Agencies Limited; Canopius Corporate Capital Ltd.; Evanston Insurance Company; Liberty Mutual Insurance Europe SE; Markel Syndicate Management Limited; Munich Re Syndicate Limited; and QBE Corporate Limited |

[2] Claimant Baltimore County also separately filed a notice of appeal from the Order, which the Clerk of Court docketed on October 2, 2026, at Case No. 26-2393.

Subject to this Court granting the parties' contemporaneously filed Page-Limitation Motion, the parties agree and jointly move for consolidation of the Appeals. When parties have filed separate timely notices of appeal, "the appeals may be joined or consolidated by the court of appeals." FRAP 3(b)(2); *see*, *e.g.*, Local Rule 12(b) ("Although most consolidations will be on the Court's own motion, a party is not precluded from filing a request."). "For the purpose of identifying consolidated appeals . . ., the earliest docketed appeal will be designated the lead case." *Id.* In the Appeals, the earliest docketed appeal is No. 26-2355 ("Lead Case"), which was docketed on September 28, 2026.

The parties agree that consolidation of the Appeals will best serve the interests of justice and judicial economy. The Appeals each seek review of the same Order, on the same record on appeal from the District Court in the Limitation Action, and involve similar and/or overlapping legal issues, including a central issue related to application of *Robins Dry Dock*. *See generally Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927). Briefing the Appeals separately would require an unnecessary duplication of the parties' and the Court's efforts, and may delay full resolution of the issues that the Appeals raise. Moreover, consolidation will permit a single panel of the Fourth Circuit to consider the overlapping legal issue(s) in the Appeals and eliminate the risk of inconsistent rulings.

The parties therefore agree that the most efficient way to present these issues to the Court would be to consolidate Case Nos. 26-2374, 26-2379, 26-2383, and 26-2387 with the present Lead Case (No. 26-2355). Upon consolidation, the parties will designate lead counsel and notify the Clerk of that person's identity in writing within 14 days of the consolidation order, and lead counsel will coordinate the preparation and filing of the briefs and appendix, in accordance with the requirements of Local Rules 28(a) and (d). *See* Fourth Cir. Loc. R. 28(a), (d).

**B. The Parties' Proposed Briefing Schedule in the Consolidated Case.**

As the Court has already issued a Briefing Order in each of the separate Appeals, the parties further request that, upon consolidation, the Court establish a single briefing schedule in the consolidated Lead Case to replace the existing Briefing Orders in the Appeals, as follows:

| Filing | Proposed Due Date |
|---|---|
| Claimants-Appellants' opening brief and joint appendix | Tuesday, January 19, 2027 |
| Petitioners-Appellees' response brief | Monday, March 22, 2027 |
| Claimants-Appellants' reply brief | Monday, May 3, 2027 |

Good cause and extraordinary circumstances support the parties' request for the Court to establish a single briefing schedule in the consolidated Lead Case, as proposed by the parties above. *See* Local Rule 31(c). First, Claimants-Appellants have not filed an opening brief yet in the Appeals as the parties' request comes before

the deadline to file the opening brief and joint appendix in the Lead Case, which is November 18, 2026. Second, establishing a single briefing schedule in the consolidated Lead Case best supports the interests of fairness, justice, and judicial economy. Third, the Appeals involve numerous parties—including twenty-nine (29) Claimants-Appellants—and the above-proposed briefing schedule will afford Claimants-Appellants (and their counsel) the time needed to confer, agree on, and coordinate the preparation and filing of a consolidated brief. Fourth and finally, the parties agree that the proposed intervals are fair and provide the parties with adequate time and opportunity to present their arguments to the Court.

Because the Claimants-Appellants will be filing a consolidated opening brief, the parties are contemporaneously filing the Page-Limitation Motion, in which they jointly move the Court for an enlargement of the page/word limitations in their respective briefs.

## III. CONCLUSION

WHEREFORE, the parties respectfully request that the Court: (1) consolidate the appeals at Case Nos. 26-2374, 26-2379, 26-2383, and 26-2387 into this Case No. 26-2355(L); and (2) enter the proposed briefing schedule set forth above in the consolidated lead case, Case No. 26-2355(L).

Dated: November 6, 2026

**DUANE MORRIS LLP**

*/s/ Laurie G. Furshman*
Laurie G. Furshman
LGFurshman@duanemorris.com
Robert B. Hopkins
RBHopkins@duanemorris.com
Tristan A. Dietrick
TDietrick@duanemorris.com
1201 Wills Street, Suite 330
Baltimore, MD 21231
(410) 949-2937

**BLANK ROME LLP**

William R. Bennett
william.bennett@blankrome.com
1271 Avenue of the Americas
New York, NY 10174-0208
(212) 885-5000

Kierstan L. Carlson
kierstan.carlson@blankrome.com
1825 Eye Street, N.W.
Washington, DC 20006
(202) 772-5862

*Counsel for Petitioners-Appellees Grace Ocean Private Limited, as Owner of the M/V DALI, and Synergy Marine Pte Ltd, as Manager of the M/V DALI*

**MURPHY, FALCON & MURPHY**

*/s/ Jason P. Foster*
Jason P. Foster
jason.foster@murphyfalcon.com
1 South Street, 30th Floor
Baltimore, MD 21202

(410) 951-8803

*Counsel for Claimants-Appellants Gerald Barney, Thomas Crawley, Ryan Hale, Tulani Hasan, Donny Jackson, Charles Peacock, Douglas Ramos, and Alonzo Key (No. 26-2355)*

**NILES, BARTON & WILMER, LLP**

*/s/ Mark J. Stiller*
Mark J. Stiller
mjstiller@nilesbarton.com
111 South Calvert Street, Suite 1400
Baltimore, MD 21202-6185
(410) 783-6300

*Counsel for Claimant-Appellant CONSOL Energy, Inc. (No. 26-2374)*

**LOCHNER LAW FIRM PC**

*/s/ Todd D. Lochner*
Todd D. Lochner
tlochner@lochnerlawfirm.com
7076 Bembe Beach Road, Suite 201,
Mailbox 6
Annapolis, MD 21403
(443) 716-4400

**SMOUSE & MASON, LLC**

Roy L. Mason
rlm@smouseandmason.com
225 Duke of Gloucester Street
Annapolis, MD 21401
(410) 269-6629

**MILBERG, PLLC**

Vicki J. Maniatis
vmaniatis@milberg.com
405 East 50th Street
New York, New York 10022
(866) 252-0878

*Counsel for Claimants-Appellants E. Marine Motor Yacht Sales PTY Ltd., American Publishing, LLC, Underwood Energy Inc., Star Bulk (Singapore) Pte. Ltd, American Sugar Refining, Inc., Florida Sugar & Molasses Exchange, Inc., R.E. West Inc., Captain C. Logistics, LLC, and B&R Construction Services, Inc. (No. 26-2379), and Penn Manufacturing Industries LLC, PMI EMG Exports Private Ltd, PMI Global Technologies PVT LTD, and International Trading Solutions, Inc. (No. 26-2383)*

**TROUTMAN PEPPER LOCKE LLP**

*/s/ Gregory L. Waterworth*
Gregory L. Waterworth
greg.waterworth@troutman.com
401 9th Street, NW, Suite 1000
Washington, DC 20004-2134
(202) 220-6928

Emily S. Huggins Jones
emily.hugginsjones@troutman.com
401 9th Street, NW, Suite 500
Washington, DC 20004-2134
(202) 220-6927

*Counsel for Claimants-Appellants Liberty Mutual Insurance Europe SE, Markel*

*Syndicate Management Limited, Munich Re Syndicate Limited, AXA XL Underwriting Agencies Limited, Evanston Insurance Company, Canopius Corporate Capital Ltd., and QBE Corporate Limited (No. 26-2387)*

## STATEMENT OF COUNSEL PURSUANT TO FOURTH CIRCUIT LOCAL RULE 27(a)

The undersigned, pursuant to Local Rule 27(a), hereby states that counsel for the other parties to the above-identified Appeals join in the filing of this Motion and therefore consent to the granting of the same. Counsel for Claimant-Appellant, Baltimore County, in Case No. 26-2393 has also been informed of the intended filing and is not opposed to the relief requested in the Motion.

*/s/ Laurie G. Furshman*
Laurie G. Furshman

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because this document contains 1,161 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman font, 14-point size.

*/s/ Laurie G. Furshman*
Laurie G. Furshman

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of November 2026, a true and accurate copy of the foregoing Motion to Consolidate was filed and served via CM/ECF on all counsel of record.

*/s/ Laurie G. Furshman*
Laurie G. Furshman